We'll move on to the fifth case of the day, United States v. Cherry, 18-1157, and we'll hear from Ms. Christensen. May it please the court, counsel, good morning, your honors, just barely. My name is Joanna Christensen, and I represent the appellant, Bernard Cherry, in this matter. This case presents two trial issues before the court. One is a jury instruction theory of defense issue, and the other one is the forfeiture trial or lack thereof. A defendant is entitled to have a jury consider his proffered defense as long as that defense has a foundation in the evidence, however tenuous. This court has upheld that concept many, many times. The story that Mr. Cherry told on the videotape is the story the government relied on for possession of the firearm. That evidence was also the basis for the innocent possession defense instruction that Mr. Cherry asked for. A theory of defense instruction is warranted, of course, first if the instruction is a correct statement of the law. And that's probably where we get the most murky in this case, is where this court stands on the innocent possession defense. And while the district court held, bottom line, this court has not approved it, the cases, in fact, are a little less certain. The two cases that are primarily addressing it, Hendricks and Jackson, both say, well, we haven't recognized the defense, and it doesn't apply in this case because of the factual basis in this case. But if we did, these would be the elements. And to me, that is not a denial of the defense in all cases. It's saying this case doesn't support it, and we've looked at other cases, this might be the supporting elements. But since he didn't seek to immediately return the gun to the officer, why would this case support the elements? I think that that was the second part of the district court's trouble with this case. There are two answers to that. One, factually, he said he didn't have the chance. And in his story, he didn't have the chance to tell the officer about it before the officer arrested him. And the second thing is that the First Circuit has specifically questioned that requirement, that they take a case-by-case approach. And this would be a case where maybe that portion of the defense is not a reality. And it can't be a reality in the other case. The First Circuit in Teamer discusses that at some length, saying these cannot be general rules, because they simply do not fit every innocent possession case. The government relies heavily on Mr. Cherry's statement. In fact, I don't think they could prove possession without it. And if that statement is going to be the basis of the government's case, then we believe it should also be allowed to be part of an innocent defense instruction. Again, the defense was not part of the jury instructions in this case. And the failure to give the defense deprived Mr. Cherry of a fair trial. As I state in this brief, this was not a complex case. Mr. Cherry admitted on videotape that he momentarily possessed the gun. And the only possible defense he had was the theory of innocent possession. And that he momentarily possessed this gun when a robber came up to him and he knocked it out of his hand, then picked it up again. In a vacant lot in East St. Louis. And a cop approaches. And like many of us do, when we know we're not speeding but we see an officer on the side of the road, we slow down anyway. I think dropping that gun was probably second nature. And then he didn't have the simple chance to tell the officer about the gun. Which makes the forfeiture issue a little bit odd, right? His whole defense is the gun wasn't mine. And then he's complaining that he didn't get his chance to argue that the gun shouldn't be forfeited. Sure, Your Honor. I think that in the true defense attorney style, I have taken two different tactics to this case presented by the evidence. And certainly if the innocent possession jury instruction was successful, we would never get to the forfeiture issue. He was, in fact, convicted. So given that, I will move on to the forfeiture issue. Does he assert a property interest? I do not argue that specifically. I argue in violation of the rule of federal criminal procedure. How could it matter if he didn't have a property interest in the gun? Well, if it was not forfeited, I think he could then direct that it be given to someone else. His designee. And there's no denying that he's a felon. And he cannot assert a property interest over the gun. The question is, if it is charged in the indictment and he proceeds to jury trial, there is a right under the rules for the jury to make the determination about the forfeiture. I understand that. But I have trouble understanding how somebody who has taken his approach to this case can assert that this procedural right was of any value to him at all. I think that we see a lot in the criminal law foregone conclusions, which is essentially what this would be, the forfeiture, the lack of property right in the firearm. But that doesn't mean that we disregard procedural requirements for those defendants. For example, a defendant who pleads guilty to a C1C agreement that specifies a certain sentence, sentencing is probably a foregone conclusion because he's agreed to it and the judge has accepted that plea agreement. But we still go through the procedural requirements of a pre-sentence report and determining the guideline range and allowing the defendant to make objections and allocute. All of these things that are procedural requirements. It is a question about whether it's harmless because he does not necessarily have a right to the firearm. This court did say in Robinson that it was not harmless because there was no knowing involuntary waiver of the jury trial.  Robinson, I don't believe it was. It might have been Harvey Robinson. I can certainly look it up. Ryan is the most recent case from this court and that was actually a child pornography computer case. And now I'm not remembering what Robinson was, if it was a felon in possession or not. I do have the case with me and I can look it up before rebuttal. But again, Robinson found that it wasn't harmless error. And again, this court recently commented that harmless error cannot be a reason that we disregard repeatedly procedural safeguards in this court. And this is not the first case. As the courts on Ryan about a year ago was the decision. And I also have another case where the same thing happened, where the brief will be filed on Thursday. Did Mr. Cherry ask for the jury expressly on the forfeiture issue? No. There actually was no mention of a jury. And when the preliminary order of forfeiture was entered, it was entered pursuant to a guilty plea, is the language in the order. So unless the court has questions, I'll reserve my time for rebuttal. Thank you. Thank you, Ms. Christensen. For the government, Mr. Wiseman. May it please the court. My name is Derek Wiseman and I'm here today on behalf of the United States of America. This court should affirm the judgment of the district court below for two separate reasons in this case. First, because the district court properly refused to instruct the jury on an innocent possession defense that is legally unsupported and factually unwarranted. And second, because this court's prior precedent makes clear that the forfeiture issue in this case was ultimately harmless. But starting first with the proposed innocent possession defense in this case, this case has in fact decided this precise issue already. In fact, this court has already decided this issue and rejected the argument that Mr. Cherry brings in this case, most recently in United States v. Jackson. And opposing counsel in this case described the case law as murky, but I don't think that's a fair reading of Jackson. What Jackson held at page 349 of this court's decision is that it expressly rejected an innocent possession defense. And it did so for two separate reasons. First, this court could not have been clearer in holding that this circuit has, quote, not recognized such a defense and declines to do so, end quote. And second, this court held in the alternative that even if it were to recognize such a defense, that the defendant in Jackson, just like the defendant here in this case, didn't meet the requirements of that defense. And that was this court's term, not mine, requirements of the defense, which include that the defendant at the time of the possession have an intent to return the firearm to law enforcement and be pursuing that intent with an immediacy. That was the holding of this court in United States v. Jackson at page 349. It's very important for me to be clear on that point because this court in today's case should reaffirm its decision in United States v. Jackson and make clear once and for all that innocent possession is not a valid defense to a charge under Section 922G of Title 8. We don't need to go that far. Yeah. Well, Your Honors, that's what this court... That just invites hypotheticals that are going to drive you crazy. Certainly, Your Honor. A group of children around, a fleeing robber tosses a gun over the fence, and the only adult who can take safe possession of it is a felon. Certainly, Your Honor. All we're requesting is this court reaffirm what it said in Jackson, which is that it does not recognize what the innocent possession defense in the context of a felon in possession of a firearm, and that it also hold in the alternative, just like this court did in Jackson... Certainly, Your Honor. And that's consistent with what the circuit courts have held across the country with only one circuit court expressly recognizing the innocent possession defense being the District of Columbia Circuit in United States v. Mason. But even if this court were to recognize such a defense for the first time in this case today, Mr. Cherry still doesn't meet the requirements. There are simply no facts to show that when Mr. Cherry picked up the gun that night, when he took the gun, that he did so with an intent to return it to law enforcement. Mr. Cherry does not meet what this court has already declared to be the requirements of this defense. So this court should reaffirm its holding in Jackson for the very same reasons that this court decided, Jackson. And also, on top of that, Your Honors, this court has already decided and already settled this prior precedent. This court's prior precedent has already settled the second question before this court here today regarding the forfeiture of the firearm. United States v. Ryan was mentioned a moment ago, and Mr. Cherry's counsel concedes in their brief that plain error review is mandated by this court's decision in United States v. Ryan. And of course, under plain error review, this court should only reverse if the outcome of this case would have been different had the district court not committed the forfeiture error. And this court's decision in United States v. Ryan is really instructive on this point because the defendant there was tried and convicted of illegally possessing child pornography and distributing child pornography on his computer. But the jury in that case, just like the jury here, did not make a forfeiture determination. But this court was really clear in United States v. Ryan in holding that that was a harmless error because there's simply no way that the jury would have failed to find a nexus between the computer in that case and between the child pornography offense that was committed in that case on that computer. And just the same analysis and the same result applies here in this case. There's simply no way that Bernard Cherry's jury, the very same jury that convicted him of illegally possessing the gun, would have failed to find a nexus between the gun and the crime. The error here was harmless, Your Honors. And it's for that reason and for all other reasons discussed here today that we respectfully request that this court affirm the judgment of the district court below. Thank you, Your Honor. I just have one very quick question. Yes, Your Honor. Did Officer Simon, correct, was the officer to which the defendant testified to the temporary possession of the firearm? Yes, Your Honor. It was in a post-arrest interview. Right. And then did Officer Sherrod, he was the one that had the encounter with him, right? That's correct, Your Honor. Did Officer Sherrod also testify? Yes, he did, Your Honor. He was the first witness to testify at trial. Okay. Thank you, Your Honor. Okay. Thank you, Mr. Wiseman. Ms. Christiansen, rebuttal. Thank you, Your Honors. Robinson was a RICO case. Yeah, it was from 1993, right? Yeah, 1993. Cash forfeiture. $60,000, I believe. And what I was realizing, there's no mention of Rule 32.2 in Robinson. And I don't know, and I can certainly tell this court if the court wants me to, whether Rule 32.2 was enacted after 1993. We'll try to figure that out. I can tell you if you don't want to spend the time. But the important thing is, Robinson, is it was not necessarily the type of forfeiture, cash, property, or the offense. It was the lack of knowing waiver that this court found was not harmless. So I think that that is an easy draft under Rule 32.2, which requires a knowing waiver from the defendant. Rule 32.2 is mandatory for the district court. It said the district court must do this. And while Mr. Cherry did not object and did not ask for it, the government who charged the forfeiture did not ask for it, and the district court also did not mention it. I do have some concerns about this being merely a procedural issue, and it doesn't really affect anything when it does occur over and over again. Ryan was the Northern District of Indiana. This case is the Southern District of Illinois. I have a Southern District of Indiana case coming up. That's the one this week, United States v. Dexter Fisher. It's a repeated issue, and I think that this court has some concern about repeated procedural gaffes such as this. And your point is it's a concern to you beyond felon and possession cases? Sure. Yeah. Yeah, because forfeiture is not just felon and possession. Right, right. I mean, it's very hard for a previously convicted felon to assert a property interest in a gun and not get himself in real hotter water. Sure. We certainly don't want to do that. I will reiterate, and it's in my briefs, that Hendricks and Jackson are both the facts of the case do not warrant the instruction, not general ban. It's on page 1007 in Hendricks and 349 in Jackson. And Mason and the D.C. Circuit is not the only court to recognize the defense. The first, Baird and Teamer. The second, Paul and Williams. The tenth, Heron, which is what defense counsel relied on. Has the defense actually succeeded in any of those cases? Baird was a reversal for new trial. I believe Teamer was as well, the first circuit. And they're the circuit that has questioned the need to immediately seek to return the firearm to law enforcement. Heron, the instruction was actually given. That's the tenth circuit case. And I believe it was a sufficiency of the evidence issue. But the instruction is listed in the opinion. It also reflects what this court has said in Hendricks and Jackson, would be the appropriate instruction if the court were to recognize And the burden would be on whom? To prove the defense? Yes. It would be on the defendant. All right. Thank you, Your Honor. Thank you very much to both counsel and Ms. Christensen. Thank you to you and your office for taking this on outside the central district, as you do in so many. The case will be taken under advisement. We'll move to the last.